## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 30 2019, 11:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas P. Keller
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Dobson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 30, 2019

Court of Appeals Case No.
19A-CR-522

Appeal from the St. Joseph
Superior Court

The Honorable Jane Woodward
Miller, Judge

Trial Court Cause No.
71D01-1805-CM-1728

**Najam, Judge.**

# Statement of the Case

David Dobson appeals his conviction, following a bench trial, for conversion, as a Class A misdemeanor. He raises one issue on appeal, namely, whether the State presented sufficient evidence to support his conviction.

We affirm.

# Facts and Procedural History

On April 5, 2018, Dobson entered a Meijer store. Once in the store, Dobson put two air mattresses into an empty cart, walked to another section of the store, removed one of the air mattresses, and walked to the service desk. Dobson then attempted to return the remaining air mattress. Dobson presented the employee at the service desk with a receipt, but the employee declined the return because the UPC code on the receipt did not match the UPC code on the air mattress. At that point, Dobson attempted to leave the store. He pushed the cart with the air mattress past the last point of sale and through the first of two sets of doors. However, while Dobson was in between the two sets of doors, Tim Stephens, a loss prevention officer for Meijer, stopped Dobson.

The State charged Dobson with one count of conversion, as a Class A misdemeanor. At Dobson's ensuing bench trial, the State presented as evidence Stephens' testimony. Stephens testified that, while he did not witness Dobson enter the store, he observed Dobson place two air mattresses into an empty cart, remove one, and proceed to the service desk to attempt to return the "same air mattress that [he] saw [Dobson] pick up in the store that day." *Id*. at 13.

Indeed, Stephens testified that, after he first saw Dobson with the empty shopping cart, he "[n]ever" lost sight of Dobson. *Id*. at 21. Stephens further testified that he watched Stephens attempt to leave the store with the air mattress. At the conclusion of the State's evidence, the parties stipulated to the admission of surveillance footage from Meijer's entrance. The parties further stipulated that the video footage did not show Dobson entering the store. The trial court found Dobson guilty of conversion and sentenced him accordingly. This appeal ensued.

## Discussion and Decision

Dobson contends that the State failed to present sufficient evidence to support his conviction. Our standard of review on a claim of insufficient evidence is well settled:

> For a sufficiency of the evidence claim, we look only at the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not assess the credibility of witnesses or reweigh the evidence. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.*

*Love v. State*, 73 N.E.3d 693, 696 (Ind. 2017).

To prove that Dobson committed conversion, as a Class A misdemeanor, the State was required to show that Dobson knowingly or intentionally exerted unauthorized control over the property of another person. Ind. Code § 35-43-4-3(a) (2019). On appeal, Dobson contends that the State presented insufficient

evidence to prove that he exerted unauthorized control over the air mattress. Specifically, Dobson maintains that "the air mattress was his property" that he was "attempting to return" and that the State failed to present sufficient evidence to support his conviction because "there was no video evidence that he came into the store empty-handed." Appellant's Br. at 8. We cannot agree.

[7] At Dobson's trial, Stephens testified that he observed Dobson place the air mattress into an empty cart, try to return the "same air mattress" and then attempt to leave the store with the air mattress when he could not complete the return. Tr. Vol. II at 13. He further testified that, even though he did not see Dobson enter the store, he "[n]ever" lost sight of Dobson after he first observed Dobson pushing an empty cart. *Id*. at 21. Based on that evidence, a reasonable fact-finder could conclude that Dobson did not enter the store with the air mattress and that the air mattress was not Dobson's property. Dobson's argument on appeal is simply a request that we reweigh the evidence, which we cannot do. We affirm Dobson's conviction.

[8] Affirmed.

Bailey, J., and May, J., concur.